EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                          | 2022 TSPR 21    |
|---------------------------------|-----------------|
| Juan Carlos Rodríguez Benítez   | 208 DPR ____    |

Número del Caso:  TS-14,868


Fecha:  18 de febrero de 2022


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva


Abogado del Sr. Juan Carlos Rodríguez Benítez:

    Por derecho propio


Materia:  Conducta Profesional - Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplir con las órdenes del Tribunal Supremo y los requerimientos del Programa de Educación Jurídica Continua. La suspensión será efectiva el 18 de febrero de 2022, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Juan Carlos Rodríguez Benítez      TS-14,868

*PER CURIAM*

En San Juan, Puerto Rico, a 18 de febrero de 2022.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente a un integrante de la profesión legal que ha incumplido con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua. Veamos.

I.

El Lcdo. Juan Carlos Rodríguez Benítez (en adelante, "licenciado Rodríguez Benítez") fue admitido al ejercicio de la abogacía el 26 de enero

de 2004 y al ejercicio de la notaría el 17 de agosto de 2007.[1]

El 2 de julio de 2021, el Programa de Educación Jurídica Continua (en adelante, "PEJC"), presentó un *Informe sobre incumplimiento con el requisito de educación jurídica continua* en el cual le notificó a este Tribunal sobre aquellos profesionales del derecho que no habían completado los créditos requeridos para el periodo del 1 de septiembre de 2016 al 31 de agosto de 2019, entre los cuales se encontraba el licenciado Rodríguez Benítez. Según el aludido *Informe*, el letrado de referencia también adeudaba la cantidad de cincuenta dólares ($50.00) en multa por cumplimiento tardío, así como cien dólares ($100.00) por el referido a este Foro.

Sobre el particular, del mencionado *Informe* surge que el PEJC le envió al licenciado Rodríguez Benítez un *Aviso de Incumplimiento* mediante el cual le concedió a éste un término de treinta (30) días para justificar su incumplimiento, así como un término de sesenta (60) días para tomar los cursos necesarios a los fines de subsanar la

---

[1] Cabe mencionar que el licenciado Rodríguez Benítez no ejerce la práctica de la notaría desde el 4 de junio de 2014. Ello, debido a que, mediante una *Resolución* notificada el 9 de junio de 2014, aceptamos su renuncia voluntaria al ejercicio de la notaría y ordenamos la cancelación de la fianza notarial otorgada a éste por el Colegio de Abogados y Abogadas de Puerto Rico, para garantizar sus funciones notariales.

Debemos señalar también que, el licenciado Rodríguez Benítez es parte de otro procedimiento disciplinario (CP-2020-0005) ante la consideración de este Tribunal, el cual se encuentra en etapa de querella. Ello, por presuntamente incumplir con su obligación como abogado de oficio en cierto procedimiento penal.

deficiencia de créditos y pagar la cuota por cumplimiento tardío. En respuesta, el 27 de noviembre de 2019 el referido letrado compareció mediante un escrito ante el PEJC, y cuestionó la constitucionalidad del requisito de educación jurídica continua. Además, aceptó que había incumplido con dichos requisitos por entender que el Reglamento del Programa de Educación Jurídica Continua (en adelante, "Reglamento del PEJC"), *infra*, era inconstitucional, injusto, irrazonable y arbitrario, por lo que procedía declarar su nulidad e ineficacia jurídica.

Enterada de lo anterior, el 13 de diciembre de 2019 la Lcda. María Cecilia Molinelli González, Directora Ejecutiva del PEJC, le reiteró al licenciado Rodríguez Benítez -- según surge del aludido *Informe* -- que todo abogado con estatus de activo debía cumplir con los requisitos de educación jurídica continua de conformidad con el Reglamento del PEJC, *infra*. Además, destacó los diversos mecanismos que contempla dicho cuerpo reglamentario para que los miembros de la profesión legal cumplan con los requerimientos de dicho programa.

Así las cosas, y luego de transcurrir un periodo prudente para que el referido letrado completara los requisitos exigidos, el PEJC -- según adelantamos -- rindió el informe de rigor a este Tribunal. Allí, el PEJC expresó su preocupación ante la actitud de desidia exhibida por el licenciado Rodríguez Benítez al desaprovechar las

oportunidades que le fueron concedidas para subsanar su incumplimiento.

En vista de lo expresado en el mencionado *Informe*, el 14 de octubre de 2021 notificamos una *Resolución* en la cual le concedimos al letrado de referencia un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Esto, por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando así le fue requerido.

En cumplimiento con lo ordenado, el 29 de octubre de 2021 el licenciado Rodríguez Benítez compareció ante nos mediante *Comparecencia mostrando causa y solicitando remedios*. A través de esta última, reiteró sus argumentos anteriores a los efectos de que su incumplimiento se debía a que el Reglamento del PEJC, *infra*, tenía visos de inconstitucional, por lo que no validaba el carácter obligatorio y oneroso de dicho programa.

Posteriormente, el 3 de noviembre de 2021 el PEJC nos remitió una *Certificación* mediante la cual nos informó que el referido letrado aún tenía descubierto el periodo de cumplimiento correspondiente al 1 de septiembre de 2016 hasta el 31 de agosto de 2019. De igual forma, el PEJC nos notificó que el licenciado Rodríguez Benítez adeudaba ciento cincuenta dólares ($150.00) correspondientes a una multa por cumplimiento tardío con el periodo de referencia, así como por el referido a este Tribunal.

Es decir, al momento, y a pesar de las oportunidades concedidas al referido letrado, éste continúa en incumplimiento con los requerimientos del PEJC y, consecuentemente, con las órdenes de esta Curia. Ello no lo podemos permitir.

Es, precisamente, a la luz de los hechos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

## II.

## A.

Como es sabido, en aras de garantizar una representación legal adecuada a los ciudadanos y a las ciudadanas que acuden ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a los abogados y a las abogadas que practican en nuestra jurisdicción "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".

A tenor con lo anterior, y para viabilizar el cumplimiento con el deber antes mencionado, este Tribunal -- al amparo del poder constitucional que nos fue delegado para reglamentar la profesión legal -- aprobó el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. La Regla 29, 4 LPRA Ap. XVII-E sec. 29, de dicho cuerpo reglamentario requiere que todo miembro activo de la profesión legal apruebe veinticuatro

(24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años.

Dicho ello, conviene recordar aquí que -- en el contexto del incumplimiento con los requisitos del PEJC -- hemos expresado que la desidia y dejadez ante los requerimientos del aludido programa representan un gasto de recursos administrativos, como también una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional, *supra*. *In re Martell Jovet*, 2021 TSPR 117, 207 DPR ___ (2021); *In re Cintrón Rodríguez*, 205 DPR 299, 309 (2020); *In re Molinary Machado*, 203 DPR 1070 (2019).

Así pues, en los casos en que los abogados y las abogadas desatienden los requerimientos del aludido programa e incumplen los requisitos de educación jurídica continua conforme a lo dispuesto en el Reglamento del PEJC, *supra*, este Foro se ha visto obligado a imponerles sanciones disciplinarias como la suspensión inmediata e indefinida. *Íd*.

B.

De otra parte, y por ser en extremo pertinente para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene señalar también que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de todo abogado y toda abogada ante los tribunales "se caracterice por el mayor respeto". *In re Meléndez Mulero*, 2022 TSPR 03, 208 DPR ___

(2022); *In re Vargas Martínez*, 2021 TSPR 156, 208 DPR ___ (2021); *In re Pavía Vidal*, 2021 TSPR 147, 208 DPR ___ (2021). Conforme a lo anterior, en múltiples ocasiones hemos reiterado que los integrantes y las integrantes de la profesión legal tienen el deber de responder a las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *Íd*.

La desatención o el incumplimiento con las órdenes de los tribunales es una seria falta a la autoridad de éstos y, a su vez, constituye una transgresión al Canon 9 del Código de Ética Profesional, *supra*. *In re Meléndez Mulero*, *supra*; *In re Pavía Vidal*, *supra*; *In re Martell Jovet*, *supra*. Por tal razón, cuando un abogado o una abogada ignora las órdenes de esta Curia, así como los requerimientos que emitan sus dependencias, procede su suspensión inmediata de la abogacía. *In re Meléndez Mulero*, *supra*; *In re Vargas Martínez*, *supra*; *In re Pavía Vidal*, *supra*.

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer del presente proceso disciplinario.

### III.

Como se puede colegir de los hechos antes expuestos, y en lo referente a los requisitos de educación jurídica continua que nos ocupan, ha quedado claramente demostrado que, a pesar de habérsele concedido múltiples oportunidades, el licenciado Rodríguez Benítez ha incumplido con su obligación de mantenerse al día con éstos.

Al presente, el referido letrado no ha cumplido con el periodo del 1 de septiembre de 2016 al 31 de agosto de 2019 y adeuda ciento cincuenta dólares ($150.00) en concepto de multas por cumplimiento tardío y por el referido del PEJC ante este Foro. Ello, como ya mencionamos, a pesar de las múltiples oportunidades que esta Curia le ha concedido a éste para cumplir con los requerimientos del PEJC y su reglamento, este último aprobado en virtud del poder inherente que poseemos para reglamentar la abogacía. Tal conducta, a todas luces, demuestra una falta de interés por parte del licenciado Rodríguez Benítez para continuar en el ejercicio de la profesión legal.

En vista de ello, y considerando que el referido letrado no ha dado fiel cumplimiento a los requerimientos del PEJC ni a lo ordenado por este Foro, procede su suspensión inmediata e indefinida del ejercicio de la abogacía.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al licenciado Rodríguez Benítez del ejercicio de la abogacía.

En consecuencia, se le impone a este último el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el

cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2020-0005, hasta tanto se disponga otra cosa.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Rodríguez Benítez por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

TS-14,868

Juan Carlos Rodríguez Benítez

SENTENCIA

En San Juan, Puerto Rico, a 18 de febrero de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Rodríguez Benítez del ejercicio de la abogacía.

En consecuencia, se le impone a este último el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2020-0005, hasta tanto se disponga otra cosa.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Rodríguez Benítez por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo de Puerto Rico. La Jueza Presidenta Oronoz Rodríguez no intervino.


                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo